[923 NYS2d 195]

In the Matter of STELLA MEDNIK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 17, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Rubin & Shang*, New York City (*Jeffrey M. Rubin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 27, 2005.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated June 9, 2009, containing five charges of professional misconduct. After a preliminary conference on February 17, 2010, and a hearing on April 21, 2010, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems appropriate. The respondent's attorney has submitted an affirmation joining in the Grievance Committee's motion to confirm, but opposing the Grievance Committee's submission that the extenuating factors presented by the respondent did not fully mitigate the findings of professional misconduct.

Charge one alleges that the respondent commingled personal and business funds with funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about April 27, 2007, the respondent opened a Citibank account identified as "Advanced Legal Services P.C., DBA Law Office of Stella Mednik, Attorney Escrow Account." Between April 27, 2007 and approximately April 2008, the respondent deposited funds entrusted to her as a fiduciary, incident to her practice of law, into her attorney escrow account. During that interval, the respondent also deposited personal and business funds into her attorney escrow account.

Charge two alleges that the respondent failed to maintain required bookkeeping records for her attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [7]).

The respondent failed to maintain records of all deposits into and withdrawals from her attorney escrow account, showing the date, source, and description of each item deposited and the date, payee, and purpose of each withdrawal or disbursement. The respondent failed to maintain a contemporaneous ledger book or similar record for that account, showing the source of all funds deposited into it, the names of all persons for whom those funds were held, the description and amounts of those funds, and the names of all persons to whom they were disbursed. The respondent also failed to maintain the required checkbooks and check stubs, bank statements, prenumbered canceled checks, and duplicate deposit slips for the account.

Charge three alleges that the respondent engaged in a pattern and practice of issuing checks from her attorney escrow account prior to depositing the corresponding client funds, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

On or about October 29, 2007, a check in the sum of $400 was issued from the respondent's attorney escrow account to the order of Queens Civil Court on behalf of her client, East Coast Outsourcing. The respondent failed to deposit corresponding client funds into her attorney escrow account before issuing that check. As a result, it was dishonored by Citibank when presented for payment.

On or about December 27, 2007, a check in the sum of $20,000 was issued from the respondent's attorney escrow account to the order of her client, 2744 East 23rd Street, LLC. The respondent failed to deposit corresponding client funds into her attorney escrow account before issuing that check. As a result, it was dishonored by Citibank when presented for payment.

On or about January 17, 2008, a check in the sum of $6,000 was issued from the respondent's attorney escrow account to the order of East Coast Outsourcing. The respondent failed to deposit the corresponding client funds into her attorney escrow account before issuing the check. As a result, it was dishonored by Citibank when presented for payment.

Charge four alleges that the respondent failed to adequately supervise a nonattorney employed by her law firm, in violation

of Code of Professional Responsibility DR 9-102 (e), DR 1-104 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [e]; 1200.5 [d]; 1200.3 [a] [7]).

In or about April 2007, the respondent employed Arthur Bogoraz, a nonattorney, as the office manager of her firm. In or about August 2007, the respondent became seriously ill and was absent from her office for several months. Between October 26, 2007 and March 6, 2008, Bogoraz, with the respondent's knowledge, improperly issued and signed his name on at least 17 checks from the attorney escrow account.

Charge five alleges that the respondent improperly issued a trade name to describe her law firm, in violation of Code of Professional Responsibility DR 2-102 (b) and DR 1-102 (a) (7) (22 NYCRR 1200.7 [b]; 1200.3 [a] [7]).

On or about April 27, 2007, the respondent opened a Citibank account identified as "Advanced Legal Services P.C., DBA Law Office of Stella Mednik, Attorney Escrow Account." Between April 27, 2007 and approximately April 2008, she issued checks from that account on which her law firm was so identified.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all five charges of professional misconduct. The Grievance Committee's motion to confirm, in which the respondent has joined in part, is granted.

At the hearing, the respondent, through her own testimony and witnesses called on her behalf, attempted to mitigate her conduct based on the emotional disturbances she was experiencing at the time. The respondent testified that during the relevant time period, she was emotionally distraught and unstable due to various mental health issues and the medications prescribed to treat her condition. The Grievance Committee points out that the respondent was under no impairment when many of the improper practices relating to her escrow account were initiated.

The respondent has no prior disciplinary history.

We conclude that the respondent lacked a basic understanding of her ethical obligations as an attorney and engaged in serious professional misconduct. Notwithstanding the absence of harm to clients and the lack of venality, the respondent's professional misconduct under the circumstances warrants a suspension from the practice of law for a period of two years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report, in which the respondent has joined in part, is granted, and all five charges of professional misconduct are sustained; and it is further,

Ordered that the respondent, Stella Mednik, is suspended from the practice of law for a period of two years, commencing June 16, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 16, 2012. In such application, the respondent shall furnish satisfactory proof that (a) during the said period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Stella Mednik, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Stella Mednik, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Stella Mednik, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).